UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LYLE REIGEL,

        Plaintiff,

v.                                             Case No. 04-C-365

RICHARD WHELAN,

        Defendant.

**ORDER**

In my decision and order dated November 10, 2005, I held off ruling on the issue of attorney's fees and allowed for supplemental briefing. The specific question was whether, under Wisconsin law, attorney's fees are properly awarded as damages stemming from breach of a release in which one party agrees not to sue the other. I noted the absence of Wisconsin case law on the subject as well as the tension between the notion that attorney's fees are the sensible and predictable "damages" when a release is breached and the American Rule holding that attorney's fees are to be borne by both sides of a dispute. In the November 10 order I also denied Whelan's motion for summary judgment on his defamation claims, finding that issues of fact remained outstanding. It is now clear that legal defenses to those claims exist which would moot any factual issues. I discuss both issues below.

**1. Attorney's Fees**

In my November 10 order, I noted that when a party agrees not to sue another, and then does, the damages from a breach of that agreement would seem to include the costs of defending the

wrongfully brought lawsuit, including attorney's fees. I also observed, however, that there seemed to be a majority view that attorney's fees are not properly awarded in this circumstance absent a specific contractual provision to the contrary. The reasoning behind this rests squarely on the American Rule that a party must bear its own expenses in litigation.

Whatever the merits of the opposing viewpoints, I am persuaded that Wisconsin courts would not award attorney's fees in a case like this. As Reigel points out, the Seventh Circuit recently had occasion to address the issue under Illinois law, which is indistinguishable on the issue from Wisconsin law. *See In re Weinschneider,* 395 F.3d 401, 404 (7th Cir. 2005). In that case, the court made short shrift of the argument that fees should be awarded: "The cases all confirm the rule that attorneys fees and expenses of litigation can not be recovered in a subsequent suit as damages by a successful plaintiff who has been forced into litigation by reason of the defendant's wrongful conduct." *Id.* In denying fees, the Seventh Circuit cited an Illinois case which had also made short work of the claim for fees:

> The defendant has cross-appealed and contends in this court as he did below that attorney fees should be allowed it as damages for breach of the Covenant Not to Sue. Attorney fees and the ordinary expenses and burden of litigation are not allowable to the successful party in the absence of an agreement or stipulation specifically authorizing the allowance of attorney fees, or in the absence of a statute providing for the taxing of attorney fees against the losing party.

*Child v. Lincoln Enterprises, Inc.* 200 N.E.2d 751, 754 (Ill. App. Ct. 1964).

I am also persuaded by *Navellier v. Sletten,* 106 Cal.App.4th 763, 776, 131 Cal. Rptr.2d 201, 211 (Cal. Ct. App. 2003), in which the court sensibly noted that parties to a release are aware of the potential costs of litigation and can easily contract to provide attorney's fees if they so desire. *Id.*

2

Absent such a provision, and without clear Wisconsin authority to do so, I conclude that the proper approach here is to decline to award fees.

**2. Defamation**

Although Reigel was not the moving party on Whelan's defamation claims, it did raise defenses that, as a matter of law, defeat those claims. I address those defenses here. First, Reigel claimed an absolute privilege for any defamatory statements he made to the Wisconsin Department of Financial Institutions (DFI). In my November 10 order, I expressed doubt as to whether the statements at issue were even defamatory. In any event, it now appears that even if they were, such statements are entitled to an absolute privilege.

The privilege at issue might be called quasi-judicial, but the nomenclature is not important. What is important is that when an individual makes statements to a governmental body, the individual should generally not fear being haled into court by the subject of those statements. The Wisconsin Supreme Court has recognized this in a case involving a complaint to a Real Estate Broker's Board:

> To permit the plaintiff in the instant action of malicious prosecution to recover for damages sustained by reason of injury to his reputation, either as a person or as a real estate broker, as a result of anything contained in the defendant's complaint to the Real Estate Brokers' Board, or in consequence of defendant's testimony given at the hearing conducted by such board, would circumvent the privileged character thereof and render such privilege valueless.

*Schier v. Denny,* 107 N.W.2d 611, 613 (Wis. 1961). *See also Gatlin v. Jewel Food Stores,* 699 F.Supp.1266, 1269 (N.D. Ill. 1988). The same logic applies here. To the extent that any of Reigel's statements could even be construed as defamatory, they were made to an administrative agency with the power to investigate securities issues. Indeed, according to Whelan himself, the statements were

3

the genesis of the DFI's investigation into Whelan. To allow a defamation claim to be spawned from a complaint to a state agency would chill those who would come forward with information and would impede the agency from doing its job. Accordingly, I find that the statements are privileged.

Second, Reigel claimed a conditional privilege for statements he made in a letter to SRI's board which, if construed in a negative light, suggested that Whelan had pocketed money that was rightfully owed to SRI. Under the "common interest" doctrine, these statements are privileged. The theory behind the privilege is that members of a group or association having a common interest are entitled to the widest array of information about the goings-on and activities of the group's members. "The common interest privilege is based on the policy that one is entitled to learn from his associates what is being done in a matter in which he or she has an interest in common. Thus, defamatory statements are privileged which are made in furtherance of common property, business, or professional interests." *Zinda v. Louisiana Pacific Corp.,* 440 N.W.2d 548, 552 (Wis. 1989). In other words, protecting communications about group members from defamation lawsuits serves the interest of full disclosure by allowing members to speak freely, even if that speech proves to be defamatory.

> The common interest of members of ... associations ... is recognized as sufficient to support a privilege for communications among themselves concerning the qualifications of the officers and members and their participation in the activities of the society. This is true whether the defamatory matter relates to alleged misconduct of some other member that makes him undesirable for continued membership, or the conduct of a prospective member. So too, the rule is applicable to communications between members and officers of the organization concerning the legitimate conduct of the activities for which it was organized.

*Posyniak v. School Sisters of St. Francis of St. Joseph's Convent,* 511 N.W.2d 300, 306 (Wis. Ct. App. 1993). Reigel's letter to the members of the SRI board, all of whom shared a common interest

in SRI's business, is protected by the common interest privilege, and Whelan makes no persuasive argument that the privilege was abused. Accordingly, this defamation claim is also dismissed.

In summary, I find that attorney's fees are not properly included as damages in Whelan's counterclaim. Whelan's counterclaims for defamation are dismissed. As no other claims remain in this action, this case is dismissed.

**SO ORDERED** this 10th day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge